# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHRN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WINDY CITY LIMOUSINE COMPANY, LLC, a limited liability company, ) ) ) Plaintiff, ) ) v. ) ) CINCINNATI FINANCIAL CORPORATION, ) a corporation, THE CINCINNATI INSURANCE ) COMPANY, a stock insurance company, ) THE CINCINNATI CASUALTY COMPANY, ) a stock insurance company, THE CINCINNATI ) INDEMNITY COMPANY, a stock insurance ) Company, and VALLEY COMPANIES, INC., ) a corporation, ) ) Defendants. ) | Case No. 1:20-cv-4901 |

## NOTICE OF REMOVAL

Now come Defendants, Cincinnati Financial Corporation, The Cincinnati Insurance Company, The Cincinnati Casualty Company, and The Cincinnati Indemnity Company (collectively the "Cincinnati Defendants"), by and through their counsel Litchfield Cavo. LLP, and files this Notice of Removal under 28 U.S.C. § 1332. In support of this Notice of Removal, the Cincinnati Defendants respectfully state as follows:

**I.     STATEMENT OF GROUNDS FOR REMOVAL**

1.     This suit is an action in which this Court has original jurisdiction under 28 U.S.C. §1332, as it is an action between citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, this action may be removed to this Court

pursuant to the provisions of 28 U.S.C. §1441[1] and 28 U.S.C. §1446.

2. Plaintiff, Windy City Limousine Company, LLC filed its Complaint on or about June 15, 2020 in the Circuit Court of Cook County, Illinois in Case No. 2020 CH 04563 styled *Windy City Limousine Company, LLC v. Cincinnati Financial Corporation, et al.*[2]

3. Plaintiff sued the Cincinnati Defendants seeking a declaratory judgment regarding alleged insurance coverage obligations relating to the recent COVID-19 outbreak and its detrimental effects on Plaintiff's business.

4. Service of Plaintiff's Complaint upon the Cincinnati Defendants was purportedly made through service upon CT Corporation as registered agent on July 21, 2020.[3] The Cincinnati Defendants file this Notice of Removal within 30 days of the purported service of Plaintiff's Complaint as required by 28 U.S.C. § 1446(b) (1).

## II. DIVERSITY OF CITIZENSHIP

5. For the purpose of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and the place where it maintains its principal place of business.[4]

6. The citizenship for diversity purposes of a limited liability company is the citizenship of each of its members. *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir.2006); *Wolf v. Kennelly*, 540 F.Supp.2d 955, 960 (N.D. Ill. 2008).

7. At the time of the filing of Plaintiff's Complaint, Windy City Limousine Company, LLC was a limited liability company organized under the laws of the State of Illinois and with its

---

[1] 28 U.S.C. §1441(b) provides that suits that do not arise under federal law are removable if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such actions is brought.
[2] See Exhibit 1, Plaintiff's Summons and Complaint.
[3] See Exhibit 1, Plaintiff's Summons and Complaint. It is disputed that proper service has been made as to any of the Cincinnati Defendants. The Cincinnati Defendants reserve the right to seek dismissal under Federal Rule of Civil Procedure 12(b)(5).
[4] See 28 U.S.C. §1332(c)(1).

principal place of business at 2801 South 25th Avenue, Broadview, Cook County, Illinois.[5]

8. After conducting a diligent search of publicly available information, the members of Windy City Limousine Company, LLC include one or more of the following entities or individuals: Salvatore Milazzo (an Illinois resident); George Jacobs (an Illinois resident); Stanton Subeck (an Illinois resident) and Leonard H. Sherman (an Illinois resident) and Windy City Limousine Manager, LLC a limited liability company organized under the laws of the State of Illinois and with its principal place of business at 2801 South 25th Avenue, Broadview, Cook County, Illinois.

9. After conducting a diligent search of publicly available information, the members of Windy City Limousine Manager, LLC include one or more of the following entities or individuals: Salvatore Milazzo (an Illinois resident); Janet Milazzo (an Illinois resident); George Jacobs (an Illinois resident); Stanton Subeck (an Illinois resident) and Leonard H. Sherman (an Illinois resident).

10. All members of Windy City Limousine Company, LLC and Windy City Limousine Manager, LLC are or were Illinois residents at all relevant times. Neither Windy City Limousine Company, LLC, its members, or any members of its members, are residents of Ohio for purposes of determining diversity jurisdiction.

11. The Cincinnati Defendants are and were at the time that this action was instituted, incorporated and existing under the laws of the State of Ohio with principal places of business in Fairfield, Ohio. The Cincinnati Defendants were not at the time this action was instituted, and still are not, a citizens of the State of Illinois.

---

[5] See Exhibit 1, Plaintiff's Complaint at ¶ 1.

12.     It is alleged that Defendant Valley Companies, Inc. d/b/a Valley Insurance Group ("Valley") was and continues to be a domestic corporation, operating as an insurance agency, organized, licensed, and doing business in the State of Illinois.[6] With respect to the claims against Defendant Valley, however, the Cincinnati Defendants assert that such party has been improperly and/or fraudulently joined in this action and need not be considered as part of the diversity jurisdiction analysis.

13.     Although a plaintiff is generally free to choose its own forum, a plaintiff "may not join an in-state defendant solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto Ins. Co.*, 174 F.3d 875, 878 (7th Cir.1999); *Gottlieb v. Westin Hotel*, 990 F.2d 323, 327 (7th Cir.1993). In that case, the defendant is considered fraudulently joined, and may be disregarded for purposes of determining diversity jurisdiction. *Schwartz*, 174 F.3d at 878; *Midland Management Company v. American Alternative Insurance Corporation*, 132 F.Supp.3d 1014, 1021-22 (N.D.Ill.2015). "To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir.2013). When a removing defendant meets this burden, the federal court considering removal may disregard, for jurisdictional purposes, the citizenship of non-diverse defendants, assume jurisdiction over case, dismiss the non-diverse defendants, and retain jurisdiction. *Id*.

14.     Here, not only are there insufficient facts to determine a reasonable basis of recovery against Valley, Plaintiff does not actually state a claim against Valley or seek any relief from such party through its single cause of action for a declaratory judgment under 735 ILCS 5/1-101 and 735 ILCS 5/2-701.[7] Without a claim against Valley, Plaintiff has no chance of success

---

[6] See Exhibit 1, Plaintiff's Complaint at ¶ 3.
[7] See Exhibit 1, Plaintiff's Complaint at ¶ 41.

4

against Valley. Therefore, Valley has been fraudulently joined. *Midland Management Company,* 132 F.Supp.3d at 1021-22.

15. Although removal may be considered procedurally defective when not "all defendants who have been properly joined and served" consent to removal, 28 U.S.C. § 1446(b)(2)(A), consent is not required from defendants who have been fraudulently joined. *Midland Management Company,* 132 F.Supp.3d at 1024; *Hess v. Great Atl. & Pac. Tea Co*., 520 F.Supp. 373, 375–76 (N.D.Ill.1981). Because Valley was fraudulently joined, its consent to removal is not necessary. Nevertheless, Cincinnati has contacted Valley and obtained its consent to removal.[8]

16. There is complete diversity of citizenship between Plaintiff Windy City Limousine Company, LLC and The Cincinnati Defendants.[9] Therefore, removal is proper under 28 U.S.C. §1332 and this Court has jurisdiction over these proceedings.

## III. AMOUNT IN CONTROVERSY

17. The Cincinnati Defendants would show that the Court has diversity jurisdiction over this matter as there is complete diversity of citizenship between the parties and the monetary relief sought by Plaintiff exceeds the minimum jurisdictional amount of $75,000.

18. Plaintiff pleads in its Complaint that it purchased an insurance policy from the Cincinnati Defendants and seeks a judgment declaring that the Cincinnati Defendants must pay for ongoing losses allegedly incurred as a result of the COVID-19 outbreak and lost business income since March 2020.[10] Based on the allegations regarding the nature and duration of

---

[8] See Exhibit 2, Consent to Removal from Valley Companies, Inc.
[9] The policy at issue was issued by The Cincinnati Insurance Company. See Common Policy Declarations (Form IA 509 01 12) at p. 4 of Exhibit A to Plaintiff's Complaint. Dismissal of the other Cincinnati Defendants will be sought based on their lack of involvement with, or potential obligations under, the subject policy issued to Plaintiff.
[10] See Exhibit 1, Plaintiff's Complaint at ¶¶ 31, 40, 41.

5

Plaintiff's alleged loss, the amount in controversy between the Plaintiff and the Cincinnati Defendants exceeds $75,000.00, exclusive of interest and costs.

**IV.     PROCEDURAL REQUIREMENTS FOR REMOVAL**

19.     The Cincinnati Defendants file this Notice of Removal within 30 days of July 21, 2020, the date upon which service of Plaintiff's Complaint was purportedly made and within the 1 year period set forth in 28 U.S.C. §1446(c). The Cincinnati Defendants file this Notice of Removal without waiving any objections, exceptions or defenses to Plaintiff's Complaint.

20.     This Court embraces the locality in which the state court action is now pending and, thus, is a proper forum for this action pursuant to 28 U.S.C. §1441(a).

21.     In accordance with 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served on all parties, and a copy is being filed with the Clerk of the Circuit Court of Cook County, Illinois.

22.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.1, true and correct copies of the following documents are being submitted with this Notice of Removal:  (a) civil cover sheet; and (b) true and legible copies of all process, pleadings, orders, and other documents that have been served on the Cincinnati Defendants in the state court.

23.     If any question arises as to the propriety of the removal of this action, the Cincinnati Defendants request the opportunity to present a memorandum of law, evidence, and oral argument in support of the Notice of Removal and the removal of this action.

WHEREFORE, the Cincinnati Defendants pray the Court hereby remove the state court action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

Date: August 20, 2020					Respectfully submitted,

							Defendants Cincinnati Financial Corporation, The Cincinnati Insurance Company, The Cincinnati Casualty Company, and The Cincinnati Indemnity Company Insurance Company

							By: /s/ Brian M. Reid
							       One of their attorneys

							Brian M. Reid
							Litchfield Cavo LLP
							303 W. Madison St., Ste. 300
							Chicago, IL 60606
							312-781-6617 (Reid)
							reid@litchfieldcavo.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2020, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas A. Demetrio
Daniel S. Kirshner
Corboy & Demetrio, PC
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
312-346-3191
TAD@CorboyDemetrio.com
DSK@CorboyDemetrio.com
*Counsel for Plaintiffs*

J. Hayes Ryan
Katherine P. Decker
GORDON & REES SCULLY MANSUKHANI, LLP
One North Franklin, Suite 800
Chicago, IL 60606
Ph. 312-565-1400
Fax. 312-565-6511
hayesryan@grsm.com
kdecker@grsm.com
*Counsel for Defendant Valley Companies, Inc.*

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

None.

By: /s/ Brian M. Reid