IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WINDY CITY LIMOUSINE COMPANY, LLC, a limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CINCINNATI FINANCIAL CORPORATION, a corporation; THE CINCINNATI INSURANCE COMPANY, a stock insurance company; THE CINCINNATI CASUALTY COMPANY, a stock insurance company; THE CINCINNATI INDEMNITY COMPANY, a stock insurance company; and VALLEY COMPANIES, INC., a corporation,<br><br>Defendants. | | No.   1:20-cv-4901 |

**PLAINTIFF'S MOTION FOR REMAND**

Plaintiff, WINDY CITY LIMOUSINE COMPANY, LLC ("WCL"), by and through its attorneys, CORBOY & DEMETRIO, P.C., moves this Honorable Court to remand this cause to the Circuit Court of Cook County, State of Illinois pursuant to 28. U.S.C. §1447. In support of this motion, Plaintiff states as follows:

**I.  INTRODUCTION**

On June 15, 2020, Plaintiff filed a Complaint in the Circuit Court of Cook County, Chancery Division, against Defendants seeking declaratory judgment regarding the rights and obligations of the parties under an insurance agreement, Policy: ENP 053 90 57 ("the Policy"), entered into by the parties.

1

On August 20, 2020, Defendants, Cincinnati Financial Corporation, The Cincinnati Insurance Company, The Cincinnati Casualty Company, and The Cincinnati Indemnity Company (collectively, "TCC Defendants"), filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a), asserting original subject matter jurisdiction of this Court pursuant to diversity of citizenship under 28 U.S.C. § 1332.

This Court should remand this case back to the Circuit Court of Cook County because: (1) Defendants have failed to meet their burden of showing federal jurisdiction is proper; and (2) Illinois State Court is best equipped to handle this declaratory judgment action involving interpretation of an insurance agreement regulated by the State of Illinois.

## II. ARGUMENT

### A. DIVERSITY JURISDICTION IS IMPROPER.

#### i. Complete diversity among the parties is absent.

TCC Defendants base their notice of removal solely on diversity of citizenship under 28 U.S.C. §1332. (Notice of Removal; 1:20-cv-4901, Fed. Dkt. No. 1, PageID 5 at ¶16). Diversity only exists if all the plaintiffs and all the defendants are citizens of different states. 28 U.S.C. §1332 (a) (1). Further, a district court does not have original jurisdiction if any defendant is a citizen of the state in which the action is brought. 28 U.S.C §1441 (b) (2). Both Plaintiff and Defendant, Valley Insurance Group ("VIG"), are citizens of the State of Illinois. (Exhibit A – Plaintiff's Complaint for Declaratory Judgment; 1:20-cv-4901, Fed. Dkt. No. 1-1, PageID 14 at ¶1; PageID 15 at ¶3). Thus, this Court does not have diversity jurisdiction over this matter.

#### ii. TCC Defendants fail to meet their heavy burden of establishing Plaintiff fraudulently joined VIG.

The doctrine of fraudulent joinder, viewed within the scope of the issues and potential issues to arise in this case, fails to provide a basis for TCC Defendants to move this Honorable

Court to disregard the Illinois citizenship of VIG. Under the doctrine of fraudulent joinder, a district court considering removal may disregard the citizenship of a non-diverse defendant, assume jurisdiction over the case, dismiss the non-diverse defendant, and thereby have original jurisdiction under diversity of citizenship. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). A removing defendant must "show, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). A removing defendant bears a "heavy burden" to establish fraudulent joinder. *Schur,* 577 F.3d at 764. The Seventh Circuit found this burden is even more favorable to the plaintiff than the burden applied to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id*. Ultimately, "the district court must ask itself whether there is any reasonable possibility the plaintiff could prevail against the non-diverse defendant." *Id.*

Here, TCC Defendants cannot meet their heavy burden of showing Plaintiff fraudulently joined the non-diverse Defendant, VIG. Plaintiff filed its declaratory judgment lawsuit in state court seeking a judicial declaration that the Policy covers certain business losses arising out of the COVID-19 pandemic and that Defendants are obligated to properly investigate, process, and honor all covered losses. At the threshold of this analysis is the fact that Defendant VIG, as the procurer of the policy at issue and intermediary in the claims process -- held out by TCC Defendants as an agent representing TCC Defendants under the Policy -- is a proper party to this declaratory judgment action.

Notably, for example, on the first page to the Policy, also known as Form IA 443 04 14, TCC Defendants expressly direct Plaintiff that "For Professional advice and Policy changes or questions, please contact your local independent agency: Valley Insurance Group." (Exhibit A; 1:20-cv-4901; Fed. Dkt. No. 1-1, PageID 23). TCC Defendants further direct Plaintiff that "Should

your needs change, your agent (VIG) is available to review and update your policy." *Id.* (Parenthetic reference not original but added for context). Additionally, TCC Defendants state that "If you experience a policy-related loss, you may report it by contacting your local professional independent agency representing The Cincinnati Insurance Companies…" Similarly, the Policy's *Common Policy Declarations*, also known as Form IA 4443 04 12, identifies Defendant VIG as the agency for the Policy. (Exhibit A; 1:20-cv-4901, Fed. Dkt. No. 1-1, PageID 26). Likewise, the Policy, within Form IP 409IL (1/91) entitled "IMPORTANT INFORMATION TO POLICYHOLDERS ILLINOIS" advises Plaintiff that "In the event you need to contact someone about this policy for any reason, please contact your agent (VIG)." (Exhibit A; 1:20-cv-4901, Fed. Dkt. No. 1-1, PageID 32). (Parenthetic reference not original).

The Illinois Supreme Court has held that the essential requirements of a declaratory judgment action are: (1) a plaintiff with a legal tangible interest; (2) a defendant having an opposing interest; and (3) an actual controversy between the parties concerning such interests. *Messenger v. Edgar*, 157 Ill. 2d 162, 170 (1993).

In its Complaint, Plaintiff specifically alleges that the policy was procured by and through Defendant VIG, as agent of TCC Defendants, within the course and scope of their agency relationship. (Exhibit A; 1:20-cv-4901, Fed. Dkt. No. 1-1, PageID 15 at ¶5). Plaintiff's Complaint further alleges that Defendant VIG initiated Plaintiff's COVID-19-related loss claim with TCC Defendants. (Exhibit A; 1:20-cv-04901, Fed. Dkt. No. 1-1, PageID 20 at ¶31). Additionally, Plaintiff's Complaint places all Defendants on notice that an actual case or controversy exists regarding Plaintiff's rights and TCC Defendants and Defendant VIG's obligations in procuring and performing under the Policy to indemnify Plaintiff for the full amount of covered losses incurred as a result of the COVID-19 pandemic. (Exhibit A; 1:20-cv-4901, Fed. Dkt. No. 1-1, PageID 21 at ¶40).

Here, because the pleadings and the issues raised therein, relate to and reflect upon Defendant VIG's duties and obligations to Plaintiff – both directly and as an agent of TCC Defendants – Plaintiff is entitled to join VIG as a defendant in order for the trial court to make a complete determination of the controversies at bar. Specifically, as set forth above, Defendant VIG is a proper and necessary party for Plaintiff to prove coverage under a policy of insurance which was procured by Defendant VIG, under which the denied claim at issue was initiated by Defendant VIG, and in which the Policy holds out Defendant VIG as TCC Defendants' representing agent specifically vested with authority by TCC Defendants to speak as to coverage questions and policy interpretation.

Accordingly, with respect to the threshold issues before this Honorable Court, as well as those issues with a reasonable possibility of arising in this controversy, TCC Defendants fail to meet their heavy burden of establishing that Plaintiff fraudulently joined Defendant VIG. Therefore, remand is proper and required.

### iii. TCC Defendants fail to meet their burden of showing the amount in controversy requirement is met.

TCC Defendants have not met their burden of showing the amount in controversy requirement for diversity jurisdiction is met. A defendant cannot remove a case to federal court based on diversity jurisdiction unless the amount in controversy exceeds $75,000.00. 28 U.S.C. §1332 (a). The removing party assumes the burden of demonstrating both the complete diversity and amount in controversy requirements are met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). In the Seventh Circuit, a defendant seeking to remove a case based on diversity jurisdiction is required to proffer evidence to establish jurisdiction exists to a reasonable probability. *Id.*

First and foremost, Plaintiff's Complaint for Declaratory Judgment does not seek money damages and no demand in excess of $75,000.00 has been asserted by Plaintiff. Rather, the legal issues raised by the pleadings before this Honorable Court are solely whether Plaintiff's claimed elements of damages were properly investigated by Defendants TCC and VIG in accordance with their obligations to Plaintiff, and whether there is coverage under the Policy for those claimed elements of damages. Notably, the pleadings before this Honorable Court do not raise an issue as to what specific dollar amount is owed to Plaintiff under the Policy in the event that there is either a finding of either coverage or improper denial of coverage.

Accordingly, TCC Defendants fail to meet their burden that there exists an amount in controversy before this Honorable Court which exceeds $75,000.00. Rather, the only controversy at issue sought by Plaintiff's Complaint at this time is a declaration of rights and obligations of the parties under the Policy irrespective of dollar amount.

**B.     The Abstention Doctrine of the Federal Declaratory Judgment Act favors remand to Illinois State Court.**

Assuming, *arguendo*, that this Honorable Court were to find Diversity Jurisdiction, this Honorable Court should nonetheless exercise its broad discretion to remand provided for under the Abstention Doctrine of the Declaratory Judgment Act. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942); *Wilton v. Seven Falls Company*, 515 U.S. 277, 286 (1995); 28 U.S.C. 2201(a). Specifically, abstention is appropriate here because Illinois State Court has an important interest in and is better suited to handle this declaratory judgment action involving Defendants who are regulated by the State of Illinois Insurance Code and Department of Insurance, that issued an insurance policy to an Illinois resident, and where that insurance policy is further regulated by the State of Illinois Insurance Code and Department of Insurance.

While federal courts have the discretion to exercise jurisdiction over an action under the Declaratory Judgment Act, they are "under no compulsion to exercise such jurisdiction." *Brillhart,* 316 U.S. at 494; see also *Wilton,* 515 U.S. at 286. The Seventh Circuit further explained that exercising the abstention doctrine "is an inherently discretionary call for the district court, 'because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within [its] grasp.'" *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (quoting Wilton, 515 U.S. at 288). The *Wilton/Brillhart* Doctrine is typically invoked when parallel state proceedings are ongoing, as the state suit raises concerns of comity, federalism, efficiency, and fairness. *Nationwide Ins. V. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). The Seventh Circuit has explained, however, that "[e]ven if there is no parallel proceeding, the district court still has discretion to decline to hear a declaratory judgment suit." *Ray v. Raj Bedi Revocable Tr.*, No. 3:19-CV-711 DRL-MGG, 2020 WL 1184755, at *7 (N.D. Ind. Mar. 11, 2020) (quoting *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 379 (7th Cir. 2010)); *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010).

Here, Illinois State Court is best suited to adjudicate a declaratory judgment action involving a dispute of an insurance contract issued within Illinois by an insurer (TCC) regulated by the State of Illinois, procured through an Illinois insurance agent (VIG) also regulated by the State of Illinois, and delivered to an Illinois consumer (WCL). Notably, the McCarran-Ferguson Act, 15 U.S.C §1011-15, gives states preeminence in the domain of insurance regulation, because most insurance disputes arise under state law and are resolved in state court. *Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1035 (7th Cir. 2014). States have the legitimate power of police to regulate the business of insurance because it affects public interest. *Northwestern Ins. Co. v. Riggs*, 203 U.S. 243.

For example, in *Argonaut Great Central Ins. Co. v. McDowell County*, 626 F.Supp.2d 554, 564 (W.D. N.C. 2009), the court declined to retain jurisdiction of the declaratory judgment action involving an insurance dispute because "it would unduly interfere with legitimate activities of the state, which include interpretation of contracts of insurance." Similarly, in the matter at bar, like the dispute in *Argonaut*, Plaintiff, here, seeks a declaratory judgment regarding an insurance contract issued in Illinois to an Illinois consumer involving multiple defendants regulated by the State of Illinois.

Accordingly, this Honorable Court should exercise its broad and sound discretion to remand this matter to Illinois State Court where the State of Illinois has both the legitimate interest and power to interpret the insurance policy at issue and determine the rights of the parties at issue.

### III. Conclusion

This Honorable Court lacks subject matter jurisdiction over this lawsuit under § 1332. Specifically, Defendant TCC, as the removing party, cannot meet its heavy burden of establishing that there is complete diversity among the parties, that the non-diverse defendant has been fraudulently joined, or that the nature of the dispute and the relief sought involves a controversy exceeding $75,000.

In addition, notwithstanding this Honorable Court's determination under § 1332, this Honorable Court should exercise its broad discretion under the Abstention Doctrine of the Declaratory Judgment Act and remand this matter to Illinois State Court where this insurance dispute, involving an insurance policy and parties regulated by the laws of the State of Illinois should be decided by an Illinois State Court.

For each of the above reasons, Plaintiff's choice of forum should be restored, and this matter remanded for further proceeding in the Circuit Court of Cook County, Illinois.

                                                Respectfully submitted,
                                                CORBOY & DEMETRIO, P.C.

                                                /s/ *Daniel S. Kirschner*

                                      By:    Daniel S. Kirschner
                                                      One of the attorneys for Plaintiff

Thomas A. Demetrio (#611506)

Daniel S. Kirschner (#6256210)
**Corboy & Demetrio, P.C.**
Attorneys for Plaintiff
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
tad@corboydemetrio.com
dsk@corboydemetrio.com
Primary E-Mail: ccfiling@corboydemetrio.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, I electronically filed the foregoing **Plaintiff's Motion for Remand** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Mr. J. Hayes Ryan
Ms. Katherine P. Decker
**GORDON & REES SCULLY MANSUKHANI, LLP**
One North Franklin, Suite 800
Chicago, IL 60606
P: 312-565-1400
F: 312-565-6511
hayesryan@gordonrees.com
kdecker@grsm.com
ATTORNEY FOR DEFENDANT VALLEY COMPANIES, INC.

Mr. Michael P. Baniak
**LITCHFIELD CAVO, LLP**
303 W. Madison Street, Suite 300
Chicago, IL 60606
P. 312-781-6596
baniak@litchfieldcavo.com
ATTORNEY FOR DEFENDANT CINCINNATI FINANCIAL CORPORATION; THE CINCINNATI INSURANCE COMPANY; THE CINCINNATI CASUALTY COMPANY; THE CINCINNATI INDEMNITY COMPANY

    /s/ *Daniel S. Kirschner*
    DANIEL S. KIRSCHNER